## Baltimore & Ohio Railroad Co., Appellant, *v.* Public Service Commission.

*Railroads—Rates—Inconsistent schedules—Public Service Commission.*

Where at the time an appeal from an order of the Public Service Commission is called for argument, it appears that important and material conditions exist which were nonexistent at the time the order was entered, the order will be reversed and set aside, and the record remitted for such further consideration by the commission as may be warranted. This applies where the order appealed from involves a schedule of rates for the transportation of cream and milk on a branch of a railroad, while a different schedule governs the carrying charge of all of the milk and cream carried by the railroad company either in interstate or intrastate commerce.

Argued Nov. 1, 1917. Appeal, No. 137, Oct. T., 1916, by plaintiff, from order of Public Service Commission fixing rates in case of Baltimore & Ohio Railroad Company v. Public Service Commission and Somerset Dairy

Co-Operation et al. Before ORLADY, P. J., PORTER, HEN-
DERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.
Reversed.

Petition to the Public Service Commission to fix rates
for the transportation of milk and cream.

From the record it appeared that on April 15, 1915,
petitioners, Somerset Dairy Coöperation et al. of Somer-
set County, filed a complaint with the Public Service
Commission averring that they were shippers of milk
and cream on the Somerset and Cambria Branch of re-
spondent's railroad extending from Rockwood to Johns-
town, Cambria County, a distance of about forty-five
miles; 38.2 miles is the longest haul for milk; that re-
spondent had advertised to take effect on April 15, 1915,
a new tariff raising some of its rates for transportation
of milk and cream on that branch of its road, and that
such rates were unreasonable.

An answer was filed and testimony was taken. On
March 22, 1916, an order was made fixing a schedule of
rates for the transportation of milk and cream from
points on the Somerset and Cambria Branch of the Bal-
timore & Ohio Railroad to the City of Johnstown. The
Baltimore & Ohio Railroad Company appealed.

*Error assigned,* amongst others, was as follows: The
Public Service Commission erred in establishing the
rates proposed in its order, because as appeared in the
evidence the rates of appellant which it was proposed
should go into effect in Pennsylvania on the 15th of
April, 1915, were rates on the same commodities charged
and collected by respondent on its interstate traffic
through, into and out of Pennsylvania, so that the mak-
ing of said order by the Public Service Commission of
Pennsylvania if complied with directly produces dis-
crimination between property, persons and places con-
cerned in intrastate commerce as against the same re-
spectively concerned in interstate commerce over appel-

lant's lines extending through Pennsylvania, in violation of the applicable acts of Congress of the United States, and of the Constitution of Pennsylvania.

*W. B. Linn,* with him *H. B. Gill,* for appellant.

*Ernest O. Kooser,* for intervenor.

OPINION BY HEAD, J., April 22, 1918:

We are persuaded important and material conditions now exist which were nonexistent at the time the order of the Public Service Commission here appealed from, was entered. As we view the situation now, the commission should reëxamine this case. When it was submitted, without argument, B. & O. R. R. v. Pub. Service Com. Wilson intervenor, 66 Pa. Superior Ct. 403, was pending. That case, originating on the Washington branch of the appellant railroad, probably invited and certainly received from the commission a broad order covering a large question. After a judgment had been entered by this court in the Wilson case, the complaint, on which the proceeding rested, was withdrawn, and it necessarily followed the rates there challenged remain operative. If the order here complained of continues to be controlling, there will be in force one schedule of rates for the transportation of cream and milk on one, not conspicuously extensive, branch line of the system heretofore operated by appellant. There will be at the same time a different schedule, each with the force of public law behind it, governing the carrying charge of all of the milk and cream carried by appellant, either in interstate or intrastate commerce. We cannot discover in the record anything to warrant us in assuming the commission then foresaw that such a result would follow from the order entered.

Meantime, there has been action taken by the Federal government that may have some radical effect on the rates to be charged by a great railroad system engaged

in the transportation of the countless things which men must use.

We have concluded, therefore, this case should be further considered by the commission, and the record is remitted to them for that purpose.

The order of the Public Service Commission is reversed and set aside, and the record is remitted for such further consideration by the commission as may be warranted. The costs of this appeal to follow the final order to be hereafter entered.